# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RANDALL BLUE,**

        Plaintiff,

  -vs-                                               Case No. 13-CV-1439

**WARDEN MICHAEL BAENEN,**
**CATHY FRANCOIS,**
**YANA PUSICH, and**
**DR. MARY SAUVEY,**

        Defendants.

## DECISION AND ORDER

The plaintiff has filed a "motion to add attachments to my discovery" (ECF No. 42). He requests that the Court place the attachments to his motion, which are Health Service Requests he filed with his institution, in his "original discovery." The plaintiff has filed these documents and they are now part of the Court's record in this case. To the extent that he requests that they be a part of the record, his motion will be granted.

Next, the plaintiff has filed a "motion requesting all prior inmates['] complaints about the safety of bunk-beds at Green Bay Corr. Inst." (ECF No. 44). It appears that this "motion" is actually a discovery request to the defendants. The plaintiff does not seek action from the Court. Thus, the

Court will deny the motion as moot.[1]

On April 17, 2015, the plaintiff filed a third amended complaint. He did not seek leave of the Court by filing a motion to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2); Civil L.R. 15(b) (E.D. Wis.). The Local Rules provide in relevant part:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Civil L.R. 15 (E.D. Wis.)

Even if the plaintiff had filed a motion to amend the complaint, the Court would be required to screen the proposed complaint pursuant to 28 U.S.C. § 1915A. The plaintiff seeks to add a medical care claim against Nurse

---

[1] The plaintiff is advised that the way to obtain information during the course of this action is to make discovery requests of the defendants and not from the court. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. The plaintiff is advised that he should send his discovery requests to the appropriate defendant's attorney.

The court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents. Then, the other party may file a motion to compel discovery with the court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before filing a motion to compel discovery. The motion should describe these efforts. *See* Fed. R. Civ. P 37(a); Civil L. R. 37 (E.D. Wis.).

Lemmens based on allegations that she failed to provide him with a medical mattress in April 2015, aggravating the injuries he suffered from an August 2013, fall from his bunk bed. Although the third amended complaint seeks to add this claim against Nurse Lemmens, she is not named as a defendant in the caption of the complaint. Moreover, it is not clear that a claim against Nurse Lemmens would be properly joined in this case. *See* Fed. R. Civ. P. 18(a), 20(a). Finally, the Court notes that the third amended complaint does not contain any allegations against defendant Dr. Mary Sauvey. In sum, the third amended complaint is not the operative complaint in this action. Even if the plaintiff had filed a motion to amend, the Court would not permit him to proceed on the third amended complaint.

Lastly, the plaintiff has filed a motion to appoint counsel (ECF No. 49). He asserts that the jailhouse lawyer who previously helped him in this case is no longer available. The plaintiff also asserts that this case is becoming more complicated and that he is in "no position" to obtain his medical records from the clinics that performed his back surgeries.

In a civil case, the Court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503

- 3 -

Case 2:13-cv-01439-WCG Filed 06/22/15 Page 3 of 5 Document 52

F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the Court then must decide "whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the Court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Here, the plaintiff has demonstrated that he made a reasonable attempt to find an attorney. However, his recent filings, presumably made without assistance from a jailhouse lawyer, demonstrate that he can still litigate this case. He has made discovery requests on the defendants, including one since filing his motion to appoint counsel. In addition, despite the plaintiff's assertions, he should be able to obtain his own medical records. The Court concludes that the plaintiff is competent to conduct discovery and file, or respond to, a dispositive motion.

The Court notes that the plaintiff's latest discovery request — a request for production of documents filed on June 1, 2015, is untimely because the deadline for the completion of discovery was June 8, 2015. *See* Civil L.R. 26(c) (E.D. Wis.) ("Completion of discovery means that discovery . . . must be scheduled to allow depositions to be completed, interrogatories and request for

- 4 -

admissions to be answered, and documents to be produced before the deadline and in accordance with the provisions of the Federal Rules of Civil Procedure."). If the plaintiff needs additional time for discovery, he should file a motion for extension of time within ten days of the date of this order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** the plaintiff's motion to add attachment to discovery (ECF No. 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (ECF No. 21) is D**ENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff may file a motion for extension of time to complete discovery within ten days of the date of this order.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2015.

                **BY THE COURT:**

                *Rudolph X Randa*
                **HON. RUDOLPH T. RANDA**
                **U.S. District Judge**